FILED
FEB 2 0 2014
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIMINAL NO. 13-30156-DRH |
| ) | |
| vs. ) | |
| ) | Title 18, United States Code, |
| IRMA JONES and ) | Sections 1001, 1035 and 1347 |
| ROSALYN ROSS, ) | |
| ) | |
| Defendants. ) | |

## SUPERSEDING INDICTMENT

**THE GRAND JURY CHARGES:**

1. **IRMA JONES** and **ROSALYN ROSS** defrauded the State of Illinois Medicaid Home Services program by falsely claiming and taking payments for personal assistant services not actually performed. The State of Illinois pays a personal assistant hourly wages for performance of services for a qualified beneficiary, like **IRMA JONES**. The qualified beneficiary must have a written Employment Agreement with the personal assistant and a Service Plan listing all services to be provided. In order for the personal assistant to receive payment from the State of Illinois, the beneficiary must submit a Home Services Time Sheet form listing the hours worked by the personal assistant and signed by both the beneficiary and personal assistant.

2. The Home Services Program is a Medicaid Waiver Program designed to provide a disabled individual who, with assistance in performing daily living activities in the home, would not require similar care in a nursing home. The Illinois Department of Human Services, Division of Rehabilitation Services (DORS) administers the program. Medicaid Waiver programs enable states to use both state and federal Medicaid funds to pay for services related to medical care that would not ordinarily be covered under Medicaid.

3. On March 24, 2003, **IRMA JONES** completed an Employment Agreement with **ROSALYN ROSS** as her Personal Assistant (PA).

4. On August 10, 2011, **IRMA JONES** completed a Home Services Program (HSP) Application and Redetermination of Eligibility Agreement acknowledging her awareness of the following:

- *I understand that if misrepresentation or fraud occurs while I am receiving HSP, it will be investigated and legal action including criminal prosecution may be taken against those committing the act.*
- *Only the approved hours actually worked by the PA are submitted for payment.*
- *The worker and I will review the Time Sheet for accuracy of all information.*

5. On July 5, 2012, **IRMA JONES** completed her eligibility redetermination interview with DORS and falsely reported that **ROSALYN ROSS** was her niece. **ROSALYN ROSS** is the daughter of **IRMA JONES**.

6. On or about March 15, 2013, in furtherance of a scheme to defraud the Medicaid Home Services Program for the State of Illinois, **IRMA JONES** and **ROSALYN ROSS** submitted a Home Services Time Sheet stating that **ROSALYN ROSS** performed 1.5 hours of personal assistant services from 6:00AM until 7:30AM on March 1, 2013; 1.5 hours of personal assistant services from 6:00AM until 7:30AM on March 2, 2013; 1.5 hours of personal assistant services from 6:00AM until 7:30AM on March 4, 2013; and 1.5 hours of personal assistant services from 5:00PM until 6:15PM on March 14, 2013. As both defendants knew, **ROSALYN ROSS** did not perform personal assistant services on the dates and times as claimed on the Home Services Time Sheet.

## Count 1
## Health Care Fraud

7. Paragraphs 1 through 6 are re-alleged and incorporated in Count 1.

8. From on or about July 5, 2012, through on or about April 2, 2013, in St. Clair County, within the Southern District of Illinois,

**IRMA JONES** and
**ROSALYN ROSS,**

defendants herein, did knowingly and willfully execute a scheme to defraud a health care benefit program, namely Medicaid, in connection with the delivery of and payment for health care benefits and services by submitting time sheets and receiving payment for personal assistant services not performed, in violation of Title 18 United States Code, Section 1347.

## Count 2
## False Statements in connection with a Health Care Benefit Program

9. Paragraphs 1 through 6 are re-alleged and incorporated in Count 2.

10. On or about March 15, 2013, in St. Clair County, within the Southern District of Illinois,

**IRMA JONES** and
**ROSALYN ROSS,**

defendants herein, in a matter involving Medicaid, a health care benefit program, did knowingly and willfully make a materially false statement in connection with the delivery of and payment for health care services by reporting on a Home Services Time Sheet sent to the Illinois Department of Human Services, Office of Rehabilitation Services that **ROSALYN ROSS** performed hours of personal assistant work for **IRMA JONES** from March 1 through March 15, even though the defendants knew that **ROSALYN ROSS** did not perform the personal assistant

services for **IRMA JONES,** as reported on the time sheet; in violation of Title 18, United States Code, Section 1035.

## Count 3
### False Statement

11. Paragraphs 1 through 6 are re-alleged and incorporated in Count 3.

12. On or about April 2, 2013, in St. Clair County, within the Southern District of Illinois,

**IRMA JONES,**

defendant herein, in a matter within the jurisdiction of the executive branch of the Government of the United States, namely, Medicaid, did knowingly and willfully make to Special Agents of the Medicaid Fraud Control Bureau of the Illinois State Police the following materially false statement regarding when and where her personal assistant **ROSALYN ROSS** performed Medicaid Home Services:

> **ROSALYN ROSS** came to **IRMA JONES**'s home in Centerville every morning to get her out of bed and make her breakfast and **ROSALYN ROSS** had been at **IRMA JONES**'s home that same morning of April 2, 2013 and had left at about 7:45 am and **ROSALYN ROSS** had performed personal services at **IRMA JONES**'s home in Centerville on March 1, 2, and 4, 2013 from 6 am to 7:30 am and on March 14, 2013 from 5 pm to 6:15 pm, as claimed on the time sheet submitted for March 1 through March 15, 2013;

when in fact **ROSALYN ROSS** had not come to **IRMA JONES**'s home on the dates and times stated; in violation of Title 18, United States Code, Section 1001.

_____
MICHAEL J. QUINLEY
Assistant United States Attorney

_____
F█████████

_____
STEPHEN R. WIGGINTON
United States Attorney

4